UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

BRANDON K. BUCHANAN.,

                              Plaintiff,                    21 Civ. 2319 (PAE)

                    -v-

                                                                  ORDER

CHRISTOPHER M. DANNEN,

                              Defendants.

------

PAUL A. ENGELMAYER, District Judge:

       On March 17, 2021 the Court received an application from plaintiff Brandon Buchanan ("Buchanan") seeking a preliminary injunction. Buchanan claimed that, in breach of contract, he had been cut out of a business, Iterative Instinct, and its related entities (together "Iterative Entities"), that he co- and equally owned with defendant Christopher Dannen ("Dannen"). The Court held a telephonic hearing on March 25, 2021 as to this application. Dkt. 8. After the hearing, the parties prepared and filed a proposed order, which the Court then issued, resolving the motion for injunctive relief. Dkt. 18. The Order directed Dannen to "immediately provide, and take no steps to disturb" Buchanan's "plenary electronic account access to the various accounts of Iterative Instinct UGP, LLC and its related entities." *Id.* In parallel, the Court ordered that Buchannan "immediately provide, and take no steps to disturb" Dannen's "plenary electronic account access to the various accounts of Iterative Instinct UGP, LLC and its related entities." *Id.* The Court further ordered that neither party "shall take any step to make communications, expenditures, disbursements, or otherwise bind or commit the Iterative Entities in any way without the consent of the other Party." *Id.*

On April 8, 2021, the parties submitted a joint letter stating that they had not been able to come to an agreement as to how to implement the Court's order; each side accused the other of disobeying the order. Dkt. 19. Buchanan contends that he has not been granted plenary access to the Iterative Entities because he (1) lacks full visibility into cryptocurrency wallets, as well as into seed phrases and passcodes; (2) has been denied log-in information for specific accounts, and the "two-factor authentication" necessary to enter other accounts has been withheld from him; (3) has been denied the invoices and monthly reports that had been historically provided by the company's cryptocurrency mining host facility, and removed from communications with those facilities. *Id.* at 1–3. Buchanan also contends that Dannen continues to make significant business expenditures without his approval. *Id.* at 3.

In response, Dannen contends, that (1) Buchanan is equally able to view the Iterative Entities' wallets and can request any missing information from Iterative's accountant, that technical limitations prevent more than one individual from having full access at any one time to the cryptocurrency wallets, and that he has invited Buchanan to take control of the accounts; (2) only one person's credentials can be used for two-factor authentication at any one time, that Dannen currently has such access, and that when Buchanan raised access issues Dannen promptly worked to grant him access; (3) Buchanan has equal access to the information regarding Iterative Entities' cryptocurrency mining activities, but that Dannen does not have a duty to provide that information; and (4) Dannen has not bound Iterative Entities to any new obligations to third-parties, but instead has simply paid existing obligations. *Id.* at 3–6. In addition, Dannen states that he has been unable to fully access certain financial accounts of the Iterative Entities, and that Buchanan has violated the Court's order by submitting a material financial proposal to a third party without Dannen's approval. *Id.* at 3, 6.

2

On the present record, which consists solely of the parties' competing letters, the Court cannot make factual findings, including whether either or both parties are in breach of the order and if so in what respects. The Court reminds counsel that it has ordered, consistent with the parties' agreement, that, as equal co-owners of the business, both parties must be granted equal access to all accounts related to the business, and neither party can make unilateral decisions or communications that would commit the Iterative Entities in any way without the consent of the other party. Because the parties have been regrettably unable to work out between themselves how to carry out this seemingly simple and clear directive, the Court is compelled to order the following, to implement its prior order compelling equal access. The Court's expectation and hope is that the parties, guided by thoughtful counsel, will reach a broader agreement resolving their disputes, pursuant to which the parties would jointly move for the Court to lift this order.

Specifically, the Court orders Dannen immediately to give Buchanan full access to all the cryptocurrency wallets as well as the seed phrases and passcodes related to the business. To be sure, Dannen contends that Buchanan can request any missing information from Iterative's accountant. But because Dannen earlier resorted to self-help and unilaterally shut Buchanan out of the business, the Court hereby puts the burden on Dannen personally—and not an accountant—to assure that Buchanan has full access to all the wallets, seed phrases, passcodes, and accounts related to Iterative Entities. For the same reason, the Court directs Dannen immediately to provide Buchanan with all invoices and monthly reports from the company's cryptocurrency mining facility, as well as copies of all communications with the facility that Buchanan has thus far been excluded from, and directs that Buchanan be copied on all business-related communications moving forward. Buchanan, for his part, is also directed to make

immediately available to Dannen any accounts to which Dannen claims not to have had full access, and to copy Dannen on all business-related communications.

To the extent that there are technical limitations that prevent more than one individual from having full access to the wallets or the two-factor authentication system at a time, the Court orders that the parties trade off, on successive days until the parties resolve this matter, who has this access. Buchanan is to have such access on odd-numbered days, and Dannen is to have such access on even-numbered days. To begin this process, the Court directs Dannen to turn over this control to Buchanan for the 24-hour period beginning at 12:01 am on Tuesday, April 13, 2021. In addition, to confirm that it is truly impossible for both parties to have simultaneous access of the wallet and two-factor authentication system, the Court orders Dannen to submit a sworn affidavit by April 14, 2021, stating which wallet they are using, which two-factor authentication system they are using, and which other two-factor authentication systems the wallet supports, including whether it supports systems that allow two parties access at one time.

As to the business expenditures that Dannen has incurred, although Dannen is permitted to use the businesses' funds to pay any existing obligations that have already been undertaken by Iterative Entities, neither party is permitted to incur any new obligations to third parties without the other's prior consent. Dannen should include, in his affidavit, a declaration attesting that, since the Court's initial order he has complied with this directive, and if not, specifically identifying any expenditures he has unilaterally undertaken.

The Court further orders that counsel forthwith move vigorously to settle this matter, and by April 19, 2021, file a joint status update as to the status of settlement discussions. If the parties have been unable to resolve this matter, the parties' joint letter should set out the parties' views as to the steps the Court should take to help resolve this matter, including whether to refer

the case to the Magistrate Judge for settlement purposes and/or appoint a third-party receiver. The parties' joint letter should also include a case-management plan, consistent with the Court's individual rules, that contemplates, *inter alia*, the prompt commencement of fact discovery and its completion by the end of June.

      SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 9, 2021
       New York, New York